UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>c/o United States Attorney's Office            )<br>555 Fourth St., N.W.                                    )<br>Washington, D.C.  20530                        )<br>                                                                        )<br>                       **Plaintiff,**                       )<br>                                                                        )<br>            v.                                                       )<br>                                                                        )<br>                                                                        )<br>**FIFTEEN THOUSAND TWO**                )<br>**HUNDRED NINETY-EIGHT DOLLARS**  )<br>**($15,298.00) IN UNITED STATES**        )<br>**CURRENCY**                                              )<br>                                                                        )<br>                       **Defendant.**                     )<br>_____)| Civil Action No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, the plaintiff United States of America, by and through the United States Attorney for the District of Columbia, to bring this verified complaint for forfeiture in a civil action *in rem* against the defendant property, which is $15,298.00 in United States currency, which law enforcement seized on August 2, 2013.  In further support of its cause, plaintiff states as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

1. This is a civil action *in rem* for the forfeiture of the defendant property to the use and benefit of the plaintiff, the government of the United States of America.  Pursuant to 21 U.S.C. § 881(a)(6), property is subject to forfeiture to the United States if it is "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, . . . proceeds traceable to such an exchange, and all moneys,

1

negotiable instruments, and securities used or intended to be used to facilitate" any violation of Title II of Pub.L. 91-513, commonly called the Controlled Substances Act, as amended, codified at 21 U.S.C. § 801, *et seq.*

2. The defendant property is a quantity of United States currency, $15,298.00 in cash, which law enforcement agents seized on August 2, 2013, after the arrest of John Gilbert Cherry for Reckless Driving and Refusing to Yield to a Law Enforcement Vehicle at the location of Interstate 295 near Polk Street NE, Washington, DC. The defendant currency was seized from John Gilbert Cherry's person and from inside his vehicle. The defendant property is in the custody of the Drug Enforcement Agency.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395, because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found. The defendant property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

4. This civil action *in rem* for forfeiture is governed by 21 U.S.C § 881, 18 U.S.C. §§ 981, 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty Or Maritime Claims And Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

5. On August 2, 2012, after attempting to elude Metropolitan Police Officers, a white Toyota Highlander was stopped on Interstate 295 near Polk Street NE, Washington, DC.

6. The driver and lone occupant of the vehicle, Cherry, exited from the vehicle and was arrested for Reckless Driving and Refusing to Yield to a Law Enforcement Vehicle.

7. Law enforcement recovered a vacuum sealed bag containing marijuana from Cherry's shorts pocket. A sample of the contents of the bag was field tested and tested positive for the presence of T.H.C. The officers also recovered two bread-loaf sized bags containing approximately 2.1 pounds of marijuana, six cell phones, drug paraphernalia, and financial documents from inside the vehicle.

8. Law enforcement also found and seized $15,298.00 in U.S. currency in cash from Cherry's person and from inside the vehicle. The currency consisted of 15 bundles of $1,000.00 each, in various denominations, and one additional bundle totaling $298.00, in various denominations.

9. The Toyota Highlander was identified as a rental vehicle. Documents discovered in the glove box of the vehicle indicate that the vehicle was rented to Cherry. The vehicle contained Cherry's luggage, clothing, and personal items.

10. On February 18, 2014, Cherry pled guilty to possession of marijuana in D.C. Superior Court. *United States v John Cherry*, 2013 CF2 13575.

11. The quantity of marijuana seized is indicative of planned distribution of the marijuana. Additionally, the quantity and bundling of the currency recovered are also indicators of drug distribution.

12. On December 2, 2013, the DEA received a claim to the defendant funds from

Sheena Alston, signed under penalty of perjury.

13.     Alston states in her claim that she owns The Weave Café, and that Cherry was an employee. She further states that defendant currency is the property of The Weave Café.

14.     No other claims were filed as to the defendant currency.

15.     Cherry appears to have had no legitimate source of income which would have generated such a high volume of cash.

### **COUNT ONE**

16.     The factual statements made in paragraphs 1 through 15 are re-alleged and incorporated by reference herein.

17.     The defendant property is money, negotiable instruments, securities, and a thing of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys, negotiable instruments, or securities used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.*

18.     As such, the defendant property constituting $15,298.00 is subject to forfeiture to the United States 21 U.S.C. § 881(a)(6).

**WHEREFORE**, the plaintiff respectfully requests that, as to the above-referenced defendant property, due process and warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

        Respectfully submitted,

        */s/ Ronald C. Machen Jr*
        RONALD C. MACHEN JR.,
        D.C. Bar No. 447889
        United States Attorney

        */s/ Zia M. Faruqui*
        Zia M. Faruqui,
        D.C. Bar No. 494990
        Assistant United States Attorney
        555 4th Street, N.W., Fourth Floor
        Washington, D.C.  20530
        zia.faruqui@usdoj.gov
        (202) 252-7117

## VERIFICATION

I, Maria Pena, a Special Agent with the Drug Enforcement Agency, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Executed on this 4th day of March, 2014.


*/s/ Maria Pena*
Maria Pena
Special Agent
Drug Enforcement Agency